# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUAN SILVA CONTRERAS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>ERIC FRANKLIN, )<br>)<br>Respondent. ) | Case No. CIV-09-734-R |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254, seeking habeas relief from his state court conviction. United States District Judge David L. Russell has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent has filed a motion to dismiss to which Petitioner has responded. Thus, the matter is at issue. For the following reasons, it is recommended that Respondent's motion be granted and the petition be dismissed as untimely.

**I. Background**

Petitioner challenges his July 26, 2005, conviction by guilty plea to murder in the first degree for which he received a sentence of life with the possibility of parole. Case No. CF-2004-560, District Court of Comanche County. Petition, 1; Brief in Support of Motion to Dismiss, Ex. 1, p. 6-7. Petitioner did not seek to withdraw his guilty plea or otherwise

directly appeal his conviction. Petition, unnumbered page 2.[1] However, on October 21, 2008,[2] he filed an application for post-conviction relief which the trial court denied on October 29, 2008. Petition, 2; Brief in Support of Motion to Dismiss, Ex. 1, p. 9. Petitioner appealed the trial court's denial of post-conviction relief, and the Oklahoma Court of Criminal Appeals affirmed the denial on March 11, 2009. Petition, 3; Brief in Support of Motion to Dismiss, Ex. 3. Petitioner then filed his petition for federal habeas relief with this Court on July 14, 2009. Petition, 1.

Petitioner raises two separate claims for relief: 1) ineffective assistance of counsel and 2) that he "was provided inaccurate information regarding the 85% Rule which made the [guilty] plea an uninformed choice." Id. at 4, 6, Memorandum In Support, 1.

## II. AEDPA LIMITATIONS PERIOD

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one year period of limitations for habeas claims brought by a state prisoner. Rhine v. Boone, 182 F.3d 1153, 1154 (10th Cir. 1999). This one year period runs from the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] The first two pages of the "form" petition are not numbered. Beginning with the third page, the pages are numbered consecutively at the bottom, with that third page being numbered two. Thus, in distinguishing the actual second page of the "form" petition from the one numbered as the second page, the undersigned has used the term "unnumbered page 2" in referring to the actual second page.

[2] Petitioner claims he filed his application for post-conviction relief on October 17, 2008. Petition, 2. However, the trial court's docket and a copy of the application show that the application was filed on October 21, 2008. Response, Ex. 1, p. 9; Ex. 2.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Unless a petitioner alleges facts implicating subparagraphs (B), (C), or (D), the limitations period generally begins to run from the date on which the conviction became final. See Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000). Petitioner appears to suggest that subparagraphs (B) and (D) apply to his petition,[3] so its timeliness will be evaluated based on subparagraphs (A), (B), and (D).

**A. Timeliness**

The trial court entered its judgment on July 26, 2005. Petition, 1; Brief in Support of Motion to Dismiss, Ex. 1, p. 6-7.[4] Petitioner had ten days from that date to move to withdraw his guilty plea. See Rule 4.2, Rules of Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18, App. As he did not, his conviction became final for limitations purposes on August 5, 2005. See Fisher v. Gibson, 262 F.3d 1135, 1142 (10th Cir. 2001); Bynum v. Howard, No. 08-

---

[3]Respondent argues that subparagraph (C) does not apply because Petitioner relies on a state statutory right recognized by the Oklahoma Court of Criminal Appeals. Motion, 9. Petitioner nowhere controverts this.

[4]Respondent states that the judgment was entered August 11, 2005, which is the date when the formal judgment and sentence was filed. Brief in Support of Motion to Dismiss, 1. While the results of this Report and Recommendation would not be different if that date was used, the actual date when the judgment and sentence was entered was July 26, 2005, as Petitioner alleges.

6221, 317 Fed. Appx. 788, 789 (10th Cir. Mar. 20, 2009) ("When a defendant pleads guilty in Oklahoma state court and does not attempt to withdraw the plea or appeal, . . . the sentence becomes final after the expiration of the ten-day period in which a defendant can seek to withdraw a plea under Oklahoma law.").[5]  Thus, the one year period of limitations began to run on August 6, 2005, and expired on August 6, 2006, absent application of another subparagraph or tolling.  Malone v. Oklahoma, Nos. 03-6246, 03-6175, 100 Fed. Appx. 795, 796 (10th Cir. June 8, 2004) (the one year limitations period should be calculated using anniversary date method (citing United State v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003))); Haws v. Jorgensen, No. 05-4141, 219 Fed. Appx. 781, 783 (10th Cir. Mar. 14, 2007) (The petitioner's "conviction became final on January 28, 2004, and the one year period of limitations commenced the next day, January 29, 2004.").

Petitioner does not dispute that he filed his petition more than one year after his judgment became final.  Instead, Petitioner appears to contend that his petition is timely because subparagraphs (B) and (D) apply.  See Petition, 9-10.

**1. Application of Subparagraph (B)**

Petitioner contends that Anderson v. State, 130 P.3d 273 (Okla. Crim. App. 2006), and the trial court's refusal to allow him access to the Mexican consulate in violation of the Vienna Convention on Consular Relations (Vienna Convention or Convention)[6] created an

---

[5]This and any other unpublished dispositions are cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rul 32.1.

[6]Petitioner actually claims denial of consular access violated the United States Constitution and the Geneva Conventions.  Petition, 9-10.  Denial of consular access plainly did not violate the

4

ongoing impediment to filing his petition. Petition, 9-10. Respondent argues that Petitioner has failed to explain how either impediment prevented Petitioner from filing his petition and how he was able to file his petition if the impediment is ongoing as he claims. Brief in Support of Motion to Dismiss, 3. Petitioner responds that denial of consular access impeded timely filing because he does not speak English and was not provided a translator at trial. Response, 1, 2.[7] Further, Petitioner elaborates that the <u>Anderson</u> Court's decision to apply <u>Anderson</u> prospectively, <u>Anderson</u>, 130 P.3d at 283, creates a state impediment to filing a federal habeas petition because any attempt to obtain state post-conviction relief will be procedurally barred, thereby preventing exhaustion of his state court remedies. Response, 1, 2.

Petitioner's arguments fail because Petitioner has not shown that a state action "in violation of the Constitution or laws of the United States" impeded timely filing of his petition. Petitioner's bare allegation that he did not understand the English language is not

---

Constitution as there is no constitutional right to consular access. And the Geneva Conventions are inapplicable as they apply to armed conflict. <u>See</u> <u>United States v. Rubalcava-Hernandez</u>, No. 98-4108, 1999 WL 815821, at * 2 (10th Cir. Oct. 13, 1999) (The "war on drugs" "is not the type of 'declared war' or 'armed conflict' between treaty signatories envisioned by the [Geneva] Convention [Relative to the Treatment of Prisoners of War]."). Thus, the undersigned has construed Petitioner's arguments to mean that denial of consular access violated the Vienna Convention. <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991) (court must construe pro se litigant's pleadings liberally and excuse failure to cite proper authority but may not act as litigant's advocate).

[7]Petitioner's response does not contain any page numbers. Thus, the undersigned has implied pages numbers. While Petitioner claims he was not provided a translator, the docket sheet reflects that he was provided one. Brief in Support of Motion to Dismiss, Ex. 1, p. 5, 7. Further, in his application for post-conviction relief, Petitioner admits he had a translator, but contends his translator was not competent. Brief in Support of Motion to Dismiss, Ex. 2, p. 2.

an impediment under subparagraph (B) because such failure was not "created by State action." 28 U.S.C. § 2244(d)(1)(B). Further, as will be discussed below in addressing equitable tolling, Petitioner's unfamiliarity with the English language does not provide a basis for tolling.

Additionally, denial of consular access did not trigger subparagraph (B). The Vienna Convention requires that

> if [a national of the sending State] so requests, the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State if, within its consular district, a national of that State is arrested or committed to prison or to custody pending trial or is detained in any other manner. Any communication addressed to the consular post by the person arrested, in prison, custody or detention shall also be forwarded by the said authorities without delay. <u>The said authorities shall inform the person concerned without delay of his rights under this sub-paragraph.</u>

Vienna Convention on Consular Relations, art. 36(1)(b), Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261 (emphasis added). The emphasized text indicates that Petitioner should have been notified of his right to consular access shortly after his arrest. Petitioner does not show why consular access at that time would have facilitated him in timely filing his petition. See <u>Williams v. Estep</u>, No. 07-1252, 259 Fed. Appx. 69, 71-72 (10th Cir. Dec. 10, 2007) (petitioner must show "causal link" between alleged impediment and failure to timely file petition); <u>Lightner v. Estep</u>, No. 06-1050, 184 Fed. Appx. 680, 682 (10th Cir. June 2, 2006) (petitioner must show how impediment "actually prevented him from timely filing" petition). Additionally, Petitioner's claim must fail because he has not alleged that denial of consular access prejudiced him. See <u>United States v. Cazares</u>, No. 01-2180, 60 Fed. Appx. 223, 226

(10th Cir. Mar. 7, 2003) ("Even assuming that the Vienna Convention creates individually enforceable rights, and that the withdrawal of a guilty plea is an available remedy for a violation of the Vienna Convention, [the appellant] has failed to demonstrate that he was prejudiced by the denial of such rights.").

Finally, the Anderson Court's decision to apply Anderson prospectively did not prevent Petitioner from exhausting his state court remedies and thus is not an impediment to filing. "To exhaust state court remedies with respect to a particular constitutional claim, a habeas petitioner must give the state courts a fair opportunity to address the claim." Johnson v. Champion, 288 F.3d 1215, 1224 (10th Cir. 2002). Thus, Petitioner exhausted his state court remedies when he appealed the trial court's denial of his application for post-conviction relief to the Oklahoma Court of Criminal Appeals. Whether a federal court will hold a petitioner's claims procedurally barred is a determination made independent of any exhaustion analysis. See generally Johnson v. Champion, 288 F.3d at 1224-28 (first determining that petitioner exhausted his claims and then determining that those claims were not procedurally barred).

Finally, Petitioner's claims are not cognizable on federal habeas review. See Vallez v. Hartley, No. 08-1346, 305 Fed. Appx. 505, 507(10th Cir. Dec. 30, 2008) (sentencing petitioner in violation of state law did not create an impediment to filing federal habeas petition); Chapman v. LeMaster, 302 F.3d 1189, 1198 (10th Cir. 2002) ("When a state's highest criminal court has resolved the question of retroactivity, that determination is a matter of state law and a federal habeas court has no power to grant relief."); Graves v.

7

Boone, No. 99-7013, 1999 WL 1079626, at *2 (10th Cir. Nov. 30, 1999) ("[C]hallenges to Oklahoma's post-conviction procedures do not amount to federal constitutional claims in a federal habeas action."); Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir. 1998) ("Assuming . . . the Oklahoma court mistakenly construed the [state] statute [relating to post-conviction review], the error is one of state law not cognizable in habeas corpus because 'federal habeas corpus relief does not lie for errors of state law.'" (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990))). Nor has Petitioner alleged how the Oklahoma Court of Criminal Appeals' failure to address the merits of his habeas claims impeded him from timely filing this action. See Williams, No. 07-1252, 259 Fed. Appx. at 71-72 (petitioner must show "causal link" between alleged impediment and failure to timely file petition); Lightner, No. 06-1050, 184 Fed. Appx. at 682 (petitioner must show how impediment "actually prevented him from timely filing" petition).

### 2. Application of Subparagraph (D)

Petitioner appears to also claim that subparagraph (D) applies because the Oklahoma Court of Criminal Appeals' rulings in Anderson v. State, 130 P.3d 273 (Okla. Crim. App. 2006), Ferguson v. State, 143 P.3d 218 (Okla. Crim. App. 2006), and Pickens v. State, 158 P.3d 482 (Okla. Crim. App. 2007), form the factual predicate for his claims. Petition, 10. Respondent argues that Anderson, Ferguson, and Pickens serve as the legal, not factual, predicate for Petitioner's claims. Motion, 6. Respondent contends that the factual predicates for Petitioner's claims are that 1) Petitioner was denied access to the Mexican consulate and 2) Petitioner must serve 85% of his sentence before being eligible for parole. Id. at 8.

8

Respondent claims that Petitioner was aware he was denied access to the Mexican Consulate before his sentence became final and that Petitioner's case manager informed him, pursuant to an Oklahoma Department of Corrections' policy, of the 85% rule within ten days after his reception. Id. In response, Petitioner alleges that he could not understand his case manager because he does not speak English, the Department failed to follow its notification policy, and ten days after reception was too late to timely withdraw his plea. Response, 3.

Petitioner's claims are not sufficient to invoke subparagraph (D). Petitioner is in effect relying on ignorance of the law, which generally does not excuse prompt filing. Davis v. Roberts, 425 F.3d 830, 836 (10th Cir. 2005); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Further, even assuming that Anderson, Ferguson, and Pickens could act as the factual predicate to Petitioner's claims, Pickens, the final case in the trilogy, was decided on May 4, 2007. Pickens, 158 P.3d at 482. Petitioner did not file his application for post-conviction relief until October 21, 2008, and this petition until July 26, 2009, both over one year after Pickens was decided. See 28 U.S.C. § 2244(d)(1)(B); Edwards v. Keith, No. 08-7011, 276 Fed. Appx. 768, 769 (10th Cir. Apr. 25, 2008) ("A state-created impediment may delay the running of the one-year limitations period until that impediment is removed if it prevents the petitioner from filing a federal habeas petition."). Finally, Petitioner does not alleged any facts to support his claims that the Department did not follow its notification policy and any notification was too late to withdraw his plea. See United States v. Gamboa, No. 06-6194, 197 Fed. Appx. 795, 797 (10th Cir. Oct. 3, 2006) (petitioner's lack of evidence and conclusory allegations failed to support claim).

Since Petitioner's arguments are rejected and since he did not file his habeas petition until July 14, 2009, it is untimely absent statutory or equitable tolling.

**B. Statutory Tolling**

"[A] properly filed application for State post-conviction or other collateral review" tolls the one year limitations period during the time the application is pending. 28 U.S.C. § 2244(d)(2). However, a state petition filed after the running of that period has no tolling effect. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Petitioner has not alleged that statutory tolling applies. Nevertheless, Respondent argues that statutory tolling does not apply because Petitioner filed his state application for post-conviction relief two years after the AEDPA limitations period ran. Brief in Support of Motion to Dismiss, 11.

The federal period of limitations ran on Petitioner's habeas claims on August 6, 2006. Prior to that date, Petitioner took no action sufficient to toll the limitations period. Instead, Petitioner waited until October 21, 2008, to file an application for state post-conviction relief. Because the post-conviction application was filed over two years after the period of limitations ran on Petitioner's federal habeas claims, that filing did not toll the limitations period. Thus, unless equitable tolling is appropriate, the petition is untimely.

**C. Equitable Tolling**

AEDPA's one year period of limitations is subject to equitable tolling where its application could render the habeas remedy "inadequate and ineffective." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is only available in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). For

instance, equitable tolling would be appropriate "when a prisoner is actually innocent, when an adversary's conduct–or other uncontrollable circumstances–prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Id. (internal citations omitted). Further, the petitioner must "diligently pursue[] his claims and demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

Petitioner does not directly assert that equitable tolling should apply but alleges that he failed to file a direct appeal because "I did not understand the process. The limitations of my understanding of English combined with my isolation from the Mexican Consulate and my serious health problems while in DOC custody prevented a timely appeal." Petition, 4. Respondent argues that Petitioner is not entitled to equitable tolling because he failed to diligently pursue his claims. Brief in Support of Motion to Dismiss, 13, 14. Respondent also contends that Petitioner's alleged health problems are not supported by substantial evidence. Id. at 13.

Equitable tolling does not apply here. First, Petitioner's failure to understand the state appellate and federal habeas processes does not equitably toll the statute of limitations. See Jamison v. Jones, No. 06-6145, 197 Fed. Appx. 743, 746 (10th Cir. Sept. 6, 2006) (unfamiliarity with law due to illiteracy and lack of access to prison law library did not equitably toll limitations period); Barkus v. Kaiser, No. 99-5187, 2000 WL 121501, at *1 (10th Cir. Feb. 1, 2000) (upholding district court's refusal to equitably toll limitations period

due to petitioner's lack of legal training); Williams v. Boone, No. 98-6357, 1999 WL 34856, at *3 (10th Cir. Jan. 28, 1999) (Petitioner's "pro se status, unfamiliarity with the law, and reliance on incompetent 'jail house lawyers' is insufficient cause to excuse his default."). Second, Petitioner's alleged "serious health problems" did not toll the limitations period because Petitioner both failed to show that such illness was an extraordinary circumstance and when that illness occurred. See Takemire v. Novak, No. 02-1257, 57 Fed. Appx. 385, 387 (10th Cir. Feb. 6, 2003) (limitation period not equitably tolled because petitioner failed to show extraordinary circumstances beyond his control for failing to timely file petition); Whitebird v. Snider, No. 01-6107, 28 Fed. Appx. 783, 785 (10th Cir. Nov. 1, 2001) (assuming that a physical illness warrants equitable tolling, limitation period not equitably tolled because petitioner "has not made any substantial showing of physical illness"). Finally, Petitioner's failure to understand English and lack of access to the Mexican consulate did not toll the limitations period. See generally Gonzales v. Beck, No. 04-6258, 118 Fed. Appx. 444, 446-47 (10th Cir. Dec. 13, 2004) (unfamiliarity with English and lack of access to consulate did not equitably toll limitations period); see also Yang v. Archuleta, 525 F.3d 925, 930 (10th Cir. 2008) ("We do not doubt [petitioner's] need for assistance in understanding the legal process. But such is common for the majority of pro se prisoners, whether or not they have English deficits."); Gomez v. Leyba, No. 07-1118, 242 Fed. Appx. 493, 495 (10th Cir. June 20, 2007) (unfamiliarity with English is not an extraordinary circumstance); United States v. Cordova, No. 99-1306, 1999 WL 1136759, at * 1 (10th Cir. Dec. 13, 1999) ("[W]e reject the contention that the one-year limitation period is tolled

indefinitely until a prisoner becomes sufficiently familiar with the English language to file a habeas petition."). Accordingly, equitably tolling is inappropriate.

## **RECOMMENDATION**

Based upon the foregoing analysis, it is recommended that Respondent's motion to dismiss [Doc. No. 8] be granted and the petition be dismissed as untimely. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by January 5, 2010, in accordance with 28, U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his rights to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 16th day of December, 2009.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE