IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JUAN SILVA CONTRERAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. CIV-09-734-R |
| | ) | |
| ERIC FRANKLIN, | ) | |
| | ) | |
| Respondent. | ) | |

## O R D E R

Before the Court are the Report and Recommendation of United States Magistrate Judge Doyle W. Argo entered December 16, 2009 [Doc. No. 13] and Petitioner's Objection filed December 28, 2009 [Doc. No. 14]. Pursuant to 28 U.S.C. §636(b)(1)(B), the Court reviews those aspects of the Report and Recommendation to which Petitioner objects de novo.

In his Objection, Petitioner argues that six years of incorrect rulings by the Oklahoma Court of Criminal Appeals concerning the 85% law together with that court's refusal to make its ruling in Anderson v. State, 130 P.3d 273 (Okla. Crim. App. 2006) retroactive combined with denial of meaningful consular access posed an impediment to filing an appeal which in turn made any state-law remedies procedurally barred in post-conviction proceedings.

Petitioner alleges in his Petition that he "was provided inaccurate information regarding the 85% Rule which would have made the [guilty] plea an uninformed choice" and that he "would have never agreed to that sentence had . . . [the 85 percent rule] been explained" to him. Petition at p. 6, Ground Two 6 ¶18(A). The alleged six years of incorrect rulings by the Oklahoma Court of Criminal Appeals, that Court's decision in Anderson v. State, 130 P.3d 273 (Okla. Crim. App. 2006) that juries must be informed of the 85 percent rule, when it is applicable, and that Court's decision

to apply its holding prospectively, only, in no way impeded Petitioner from pursuing his state court remedies for a plea that was allegedly not knowingly and voluntarily given or for ineffective assistance of counsel in connection therewith so that he could not timely file a petition for a writ of habeas corpus herein. Anderson and the other decisions to which Petitioner alludes are red herrings given Petitioner's claims. Those decisions did not constitute an "impediment . . . created by State action in violation of the Constitution or laws of the United States," alone or in conjunction with denial of consular access, which the Magistrate Judge has adequately addressed, to Petitioner's exhaustion of his state court remedies and to timely filing his habeas petition herein.

The 85 percent rule is a matter of a state statute effective July 1, 1999 applicable to particular offenses, including murder in the first degree, committed on or after March 1, 2000. Okla. Stat. tit. 21, §12.1. The Oklahoma Court of Criminal Appeals has long held that before entering a plea of guilty or nolo contendere, a defendant should be advised of the punishment range for the offense, see King v. State, 553 P.2d 529, 534 (Okla. Crim. App. 1976) and that a restriction on parole eligibility may, in certain circumstances, be a material consequence flowing from the decision to plead of which a defendant should be advised. See Robinson v. State, 806 P.2d 1128, 1130-31 (Okla. Crim. App. 1991); Estrada v. State, 743 P.2d 1100, 1101 (Okla. Crim. App. 1987). Ignorance of the law, upon which Petitioner in effect is really relying[1], does not excuse prompt filing. Davis v. Roberts, 425 F.3d 830, 836 (10th Cir. 2005); Marsh v. Soares, 223 F.3d 1217, 1220 (20th Cir. 2000). Assuming Petitioner learned of the existence of the 85 percent rule too late to move to

---

[1] Even if Petitioner was not aware of the factual (as opposed to legal) predicate for his claims, until some time after the one-year limitations period set forth in 28 U.S.C. §2244(d)(1)(A) had run, Petitioner has not alleged or submitted evidence showing that he could not have discovered through the exercise of due diligence, the factual predicate for his claims until within one year before he filed his habeas petition. See 28 U.S.C. §2244(d)(a)(D).

2

withdraw his guilty plea, see Rule 4.2(a), Rules of the Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18, App., Petitioner could nevertheless have filed an application for post-conviction relief with the district court seeking an appeal out of time to file an application to withdraw his plea of guilty, see Rule 2.1(E)(1), Rules of the Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18, App.; see also Ferguson v. State, 143 P.3d 218 (Okla. Crim. App. 2006); Lewis v. State, 21 P.3d 64, 65 (Okla. Crim. App. 2001), thereby exhausting his state law remedies, and timely filed his habeas petition herein.

In accordance with the foregoing, the Court finds that Petitioner's Objection to the Report and Recommendation is without merit and ADOPTS the Report and Recommendation of the Magistrate Judge as supplemented herein. Therefore, Respondent's motion to dismiss is GRANTED and the 28 U.S.C. §2254 petition for a writ of habeas corpus herein is DISMISSED as untimely.

ENTERED this 4th day of January, 2010.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE